

# THE ATTORNEY GENERAL
# OF TEXAS

October 27, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas 78774

Opinion No. JM- 973

Re: Whether a non-profit organization that sells taxable items must pay the $25 annual fee for a sales tax permit (RQ-1503)

Dear Mr. Bullock:

You present the following information and ask the following question:

> A non-profit museum and historical society has produced and is selling a cookbook. While they have been properly collecting sales tax on the sales of the cookbook, they have asked if the Legislature intended to require organizations such as theirs to pay the $25 annual sales tax permit fee.

> Since there are numerous non-profit organizations who are involved in selling a very limited number of items to support their activities, I hereby request your official opinion as to whether non-profit organizations are required to pay the $25 annual sales tax fee.

You indicate in your request letter that the non-profit organization properly has been collecting the sales tax on the items that it sells.[1] You ask whether a non-profit

_____

1. While section 151.310 of the Tax Code does exempt from the reach of the tax certain qualifying religious, educational, or public service organizations when they purchase items that would otherwise be taxable, the

(Footnote Continued)

organization must pay the prescribed $25 sales tax permit renewal fee in an instance in which it has been issued a sales tax permit properly in the first instance and it sells items that are taxable. We understand you to refer to an organization that falls within subsection (a) of section 151.310, Tax Code, subdivisions (1) or (2), that are not selling items pursuant to an auction, as permitted by subsections (c) and (d). We conclude that a non-profit organization that sells taxable items is required to pay the annual $25 fee for a renewal of its sales tax permit.

The Limited Sales, Excise, and Use Tax is codified at chapter 151 of the Tax Code. Section 151.201 of the Tax Code governs the issuance of sales tax permits and provides:

> (a) The comptroller shall issue to an applicant who qualifies under Section 151.202 of this code and under Subchapter G of this chapter [sections 151.251 - 151.262, governing sellers and retailers providing security for the payment of the taxes imposed by the chapter] and who pays to the comptroller the permit fee in the amount provided by this section a separate permit for each place of business in this state.

> (b) The holder of a permit shall display it conspicuously in the place of business to which it applies.

> (c) A permit is valid only for the person and the place of business to which it applies and is nonassignable.

> (d) The permit fee is $25. The fee does not apply to the issuance of a temporary permit under Section 151.252 of this code.

(Emphasis added.)

Section 151.202 of the Tax Code governs the application for a permit; subsection (a) provides:

---

(Footnote Continued)
exemption does not reach taxable items that such an organization itself sells, except only as provided by section 151.310. Thus, even if the organizations about which you inquire fell within section 151.310, that fact would not be dispositive of your question.

> A person desiring to be a <u>seller</u> in this state shall file with the comptroller an application for a permit for each place of business.   (Emphasis added.)

"Seller" is defined for purposes of the chapter at section 151.008, which provides:

> (a) 'Seller' or 'retailer' means a person engaged in the business of making sales of taxable items of a kind the receipts from the sale of which are included in the measure of the sales or use tax imposed by this chapter.
>
> (b) 'Seller' and 'retailer' include:
>
> (1) a person in the business of making sales at auction of tangible personal property owned by the person or by another;
>
> (2) <u>a person who makes more than two sales of taxable items during a 12-month period</u>, including sales made in the capacity of an assignee for the benefit of creditors or receiver or trustee in bankruptcy; and
>
> (3) a person regarded by the comptroller as a seller or retailer under Section 151.024 of this code.   (Emphasis added.)

We assume that the non-profit organization about which you inquire falls within the underscored language of (b)(2) and is a "seller" for purposes of this chapter.

Section 151.2021 of the code governs the issuance of renewal permits and provides:

> (a) A permit issued under this subchapter is valid for one year from the date of issuance or renewal. An application for the renewal of a permit must be filed with the comptroller not later than the 30th day before the expiration date. The comptroller on a showing of good cause by the holder may permit the late renewal of a permit.

(b) <u>The fee for the renewal of a permit is the same as for an initial permit as provided by Section 151.201(d) of this code</u>.

(c) For purposes of this section, a permit is issued on the date the permit is issued under Section 151.201 of this code or reissued under Section 151.204, whichever is later. The date a temporary permit is issued is not considered to be the date the permit is issued.

(d) A permit in effect on the date this section becomes effective must be renewed under this section before the first anniversary of the date on which the permit was issued that occurs after the end of the month in which the section becomes effective. If the date the permit was issued cannot be determined, January 1, 1988, is considered to be the anniversary date on which the permit must be renewed under this subsection. This subsection expires January 1, 1990. (Emphasis added.)

There is no language in either section 151.201 or 151.2021 of the Tax Code to indicate that the legislature intended that there be any exception to the payment of a renewal fee for a sales tax permit. Nor is there any indication of such legislative intent in the legislative history of the bill that added the fee provisions for the first time. <u>See</u> Gov't Code, § 311.023 (Authorizing an examination of legislative history in order to determine the legislative intent, even in an instance in which the statute is not ambiguous.)

Prior to 1987, section 151.201 of the code required the comptroller to issue without charge a sales tax permit to each qualifying applicant for each place of business. House Bill No. 61, which was enacted at the Second Called Session of the 70th Legislature, amended, <u>inter alia</u>, section 151.201 of the code and added section 151.2021. Acts 1987, 70th Leg., 2nd C.S., ch. 5, art. 1, pt. 5, §§ 1, 2, at 22. Taken together, the amendments removed from the comptroller the authority to issue sales tax permits without charge and imposed a fee of $25 for the issuance of the initial permit and a fee of $25 for each annual permit renewal. The "Bill Analysis" prepared for the House Committee on Ways and Means on House Bill No. 61 and for the committee substitute for House Bill No. 61 does not indicate any intention on the

part of the legislature that  there be any exception to  the permit renewal  fee.  Indeed  the "Bill  Analysis" does  not mention these specific amendments.  Bill Analysis, Tex. H.B. 61, 70th Leg., 2nd C.S. (1987).

Accordingly, we conclude  that the  renewal fee  provisions should  be  construed  as written,  and  that,  in  an instance in  which a  non-profit organization  properly  has been issued a sales tax  permit because its activities  fall within the section  151.008 (b)(2)  definition of  "seller," the organization must pay the $25 renewal fee prescribed  by section 151.2021 of the Tax Code.

## S U M M A R Y

In an  instance  in which  a  non-profit organization properly has been issued a sales tax permit because its activities fall within the  section   151.008(b)(2)  definition   of "seller,"  the organization must pay the  $25 renewal fee prescribed by section 151.2021 of the Tax Code.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General